# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **DAIRION E. MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 5:23-00101 |
| | ) |
| **FCI BECKLEY WARDEN YOUNG,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Document No. 21), filed on March 23, 2023. For the reasons explained below, the undersigned has concluded that Plaintiff's above Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2023, Plaintiff, acting *pro se*,[1] filed his Complaint seeking relief for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) Plaintiff names the following as Defendants: (1) FCI Beckley Warden Young; (2) FCI Beckley Warden Heckard; (3) Doctor Roger Edwards; (4) Mr. D. Scott, OD Carpenter; (5) PA-C Amy Goode; (6) MA/Phlebotomist Melissa Suber; (7) FNP S. Vest; (8) Capt. Rodriguez; (9) Melissa Fox; and (10) Dr. Fain. (Id.) Plaintiff explains that since January 2019, Defendants have acted with deliberate indifference concerning his medical needs as a paraplegic. (Id.) As relief,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff appears to seek compassionate release from custody or placement in a Care Level 3 facility. (Id.)

Also on February 8, 2023, Plaintiff filed a Motion for Preliminary Injunction. (Document No. 2.) In his Motion, Plaintiff requested an order for his "immediate removal from FCI Beckley" and his placement in a Care Level 3 facility. (Id.) In support, Plaintiff stated that his removal from FCI Beckley and placement in a Care Level 3 facility is necessary for his "safety and so all of his medical needs can be met and dealt with." (Id.) Plaintiff alleged that he "has suffered for over 4 years through severe pain due to inadequate medical care and the excessive use of force." (Id.) Plaintiff stated that he is "a Care Level 3 and FCI Beckley is only equipped to provide care for Care Level 2 inmates." (Id.) Plaintiff further concluded that his "life is in danger everyday he is kept here at FCI Beckley due to numerous acts of violence everyday and should [Plaintiff] find himself in a position, he cannot defend himself." (Id.) By Proposed Findings and Recommendation entered on March 14, 2023, the undersigned recommended that Plaintiff's above Motion for Preliminary Injunction be denied. (Document No. 6.)

On March 23, 2023, Plaintiff filed his instant Motion for Preliminary Injunction. (Document No. 21.) In his Motion, Plaintiff again requests an order for his "immediate removal from FCI Beckley" and his placement in a Care Level 3 facility. (Id.) In support, Plaintiff alleges that his life has been put in danger twice during his confinement at FCI Beckley. (Id.) First, Plaintiff alleges that his life was endangered when the medical straps broken while he was being transported in a medical van. (Id.) Second, Plaintiff alleges that his life was endangered when he fell while showering. (Id.) Plaintiff concludes that his transfer to Care Level 3 facility is necessary so Plaintiff can receive "medical treatment he needs to survive." (Id.)

## THE STANDARD

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[2] The Fourth Circuit has

---

[2] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct.

explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for

---

876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

## DISCUSSION

First, the undersigned notes that Plaintiff has failed to establish that he is likely to succeed upon the merits. Although the undersigned determined upon screening pursuant to 28 U.S.C. § 1915A that Plaintiff's Complaint stated a colorable claim under Bivens against Defendants, there is no indication at this point in the proceedings that Plaintiff is likely to succeed on the merits. Second, the Court lacks authority to grant Plaintiff's request for injunctive relief. Plaintiff requests that this Court enter an order transferring him to a different prison facility. The classification and transfer of federal prisoners falls within the broad discretion of the Bureau of Prisons and Courts lack authority to order that a prisoner be confined to any particular institution. See 18 U.S.C. § 3621(b)(the BOP shall designate the place of an inmate's confinement); also see McKune v. Lile, 536 U.S. 24, 40, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators'' expertise."); Meachum v. Farno, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."); Milhouse v. O'Brien, 2014 WL 12521373, (N.D.W.Va. Feb. 25, 2014)(denying plaintiff's motion for temporary or preliminary injunction where plaintiff failed to satisfy the first *Winter's* factor because he could not succeed on his request for a transfer to a different prison facility); Hinton v. Federal Bureau of Prisons,

2009 WL 3347158, * 4 n. 5 (S.D.W.Va. Oct. 14, 2009)(J. Johnston)("Inmates . . . have no constitutional right to be housed in any particular prison or jail, regardless of security classification."). Finally, Plaintiff has failed to show that he will suffer irreparable harm if the temporary or preliminary injunction is denied. Based upon two incidents that occurred in the past (straps breaking in the medical van and falling in the shower), Plaintiff concludes that his life is in danger. The two incidents described by Plaintiff appear to be isolated accidents. Further, Plaintiff appears to merely speculate that these accidents may reoccur. As to his medical needs, Plaintiff merely alleges that he is receiving inadequate medical care because FCI Beckley is not a Care Level 3 facility. There is no allegation of a complete lack of medical care concerning his alleged serious medical needs. Plaintiff completely fails to allege in his Motion any facts supporting a finding that Plaintiff is likely to suffer immediate irreparable injury. As explained above, the mere possibility of harm will not suffice to support the granting of a temporary or preliminary injunction. Winter, 55 U.S. at 22, 129 S.Ct. at 375-76. Therefore, the undersigned finds that Plaintiff has not clearly shown that he is likely to succeed on the merits, or that he is likely to be irreparably harmed without a temporary or preliminary injunction. Accordingly, it is respectfully recommended that the District Court deny Plaintiff's Motion for Preliminary Injunction (Document No. 21).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction (Document No. 21).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank

W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: April 6, 2023.



Omar J. Aboulhosn
United States Magistrate Judge