### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DAIRION E. MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:23-00101 |
| | ) |
| **FCI BECKLEY WARDEN YOUNG,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### O R D E R

Pending before the Court are Plaintiff's Motions for Appointment of Counsel (Document Nos. 27 and 46), filed on March 30, 2023 and April 26, 2023. Specifically, Plaintiff requests that the Court appoint counsel based on the following: (1) Plaintiff has a "right to be represented by legal counsel;" (2) Plaintiff has no education on the law; (3) Plaintiff "is paralyzed from the waist down and he has no ability to interview medical staff or defendants for obtaining affidavits or depositions;" (4) Plaintiff's ability to prosecute his case is hindered by his incarceration; (5) Plaintiff has contacted at least five attorneys regarding his request for representation but none have responded to his request; and (6) Plaintiff needs the assistance in locating five unserved defendants. (Id.)

Appointment of counsel is authorized by 28 U.S.C. § 1915(e)(1). ("The court may request an attorney to represent any person unable to afford counsel.") There is no constitutional right to appointment of counsel in civil cases, and the decision whether to appoint counsel is within the discretion of the Court. Appointment of counsel for indigent plaintiffs having claims under Bivens is required only in cases presenting complex issues or exceptional circumstances and the plaintiff's ability to present the case is questionable. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir.

1978) ("If it is apparent to the District Court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . .."); United States v. $27,000.00, More or Less in U.S. Currency, 865 F.Supp. 339, 340 (S.D.W.Va. 1994)(citing Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300-02, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989); Spears v. United States, 266 F.Supp. 22 (S.D.W.Va. 1967)). In deciding whether to request representation for a civil litigant, the Court should consider the following factors: (1) whether the plaintiff has presented a colorable claim, (2) the nature and complexity of the factual and legal issues, (3) the plaintiff's capability to present his own case, (4) the degree of factual investigation involved and the plaintiff's ability to investigate adequately crucial facts related to his claims, (5) the extent to which the case is likely to hinge on credibility determinations, and (6) whether expert testimony must be presented. See United States v. $27,000.00, More or Less in U.S. Currency, 865 F.Supp. at 340-41; McNeil v. Lowney, 831 F.2d 1368, 1371-72 (7th Cir. 1987), cert. denied, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1998); Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981)(per curiam); Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir.), cert. denied, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1993).

Having examined the record in this case, the undersigned finds that Plaintiff's Motions for Appointment of Counsel should be denied. First, the undersigned finds that though it would appear that Plaintiff has presented colorable claims, it is by no means clear at this point in the development of this case that Plaintiff is likely to prevail on the merits of his claim. Plaintiff contends that counsel should be appointed because he is unable to afford or find an attorney to represent him.

Although the undersigned sympathizes with Plaintiff's circumstances, the foregoing does not constitute exceptional circumstances. Most *pro se* litigants are unable to find an attorney willing to represent them, or lack funds to hire an attorney. Although Plaintiff's incarceration will undoubtedly make it more difficult for him to pursue his case, as does his lack of legal knowledge, these circumstances do not satisfy the exceptional standard. See Louis v. Martinez, 2010 WL 1484302, * 1 (N.D.W.Va. April 2, 2010)(denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). The undersigned finds no indication that Plaintiff is incapable of representing himself in this point in the proceedings. The factual and legal issues presented neither appear complex nor require extensive investigation. Next, Plaintiff claims he will be unable to interview or conduct depositions of medical staff or defendants because he is paralyzed. The foregoing, however, does not constitute exceptional circumstance because Plaintiff has additional and less expensive methods of obtaining such information. Specifically, one of the most cost-effective ways to get a sworn statement from someone that is a party is to serve interrogatories on that party.[1] Finally, Plaintiff contends that counsel should be appointed because he is having difficulty locating five defendants so that service can be executed. Although the undersigned sympathizes with Plaintiff's difficulty, the undersigned notes that the foregoing does not constitute exceptional circumstances. Even plaintiffs represented by counsel can have difficulty perfecting service of process upon a named defendant.

Although Courts are not required to be *advocates* for the *pro se* incarcerated plaintiff, the

---

[1] Interrogatories are written questions that must be answered, under oath, by the party on whom they are served. Fed. R. Civ. 33 governs interrogatories.

Court will *assist* Plaintiff with service of process. The Court has attempted to obtain service upon the five defendants based upon the information provided by Plaintiff. The Court, however, has no responsibility to continue to search for the location of any unserved defendant for the purpose of perfecting service of process for the Plaintiff. In Skaggs v. Clark, 2015 WL 269154 (S.D.W.Va. Jan. 21, 2015), United States District Judge Robert C. Chambers stated as follows:

> Notwithstanding the difficulties faced by an incarcerated plaintiff, it is not yet, and cannot become, the role of the courts to track down defendants on behalf of incarcerated plaintiffs. At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute services.

Skaggs v. Clark, 2015 WL 269154, * 3 (S.D.W.Va. Jan. 21, 2015); also see Ray v. Pursell, 2017 WL 3707584 (S.D.W.Va. June 23, 2017)(same). Additionally, this court is without legal authority to appoint a private investigator to assist Plaintiff in this matter. See Carroll v. Toele, 2021 WL 5762191, * 2 (S.D.Cal. Dec. 3, 2021)("Plaintiff has not shown any Congressional authority for the undersigned to appoint and pay for a private investigator for Plaintiff."); Hughes v. Butt, 2018 WL 6591576, * 4 (N.D.N.Y. Dec. 14, 2018)("There is no legal authority for appointing plaintiffs – who voluntarily commence civil actions in federal court – private investigators to assist them in prosecuting their case."); Henry v. Hodgson, 2018 WL 2247226, * 2 (D.Mass. May 16, 2018)(finding no authority to appoint a private investigator); Georgacarakos v. Wiley, 2009 WL 440934, * 7 (D. Colo. Feb. 23, 2009)(finding that Section 1915 does not authorize the court to appoint a private investigator); Kerwin v. Varner, 2006 WL 3742738, * 2 (M.D.Pa. Dec. 15, 2006)("[W]e do not have authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin."). Finally, "[t]here is no constitutional or statutory requirement that the government or defendant pay for an indigent prisoner's discovery efforts." Brown v. Ross County,

4

2014 WL 4284874, * 2 (S.D.Ohio Aug. 28, 2014). Once defendants are served with process, a plaintiff may engage in discovery pursuant to the Federal Rules of Civil Procedure. Thus, Plaintiff may attempt to obtain an address for the five unserved defendants by engaging in discovery with the properly served defendants. The undersigned notes that to the extent Plaintiff is prohibited by BOP policy from possessing the address of BOP employees, defendants could provide such information to the Court *in camera*. Once the Court receives the information, the Court would arrange for attempted service based upon such.

Based upon the foregoing, the undersigned finds that Plaintiff's case and circumstances fail to meet the exceptional circumstances standard. It is therefore hereby **ORDERED** that the Plaintiff's Motions for Appointment of Counsel (Document Nos. 27 and 46) are **DENIED**. The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: May 18, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

5