**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

DAIRION E. MORGAN,

       Petitioner,

v.                                                                                    CIVIL ACTION NO. 5:23-cv-00101

YOUNG,
HECKARD,
HOLZAPFEL,
ROGER EDWARDS,
AMY GOODE,
S. VEST,
RODRIGUEZ,
MELISSA FOX,
FAIN,
LT. JOHN DOE 1,
LT. JOHN DOE 2,
OFC. JOHN DOE 3,
OFC. JOHN DOE 4,
OFC. JOHN DOE 5, and
OFC. JOHN DOE 6,

       Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Petitioner's Dairion E. Morgan's Second Motion for Preliminary Injunction [ECF 21], filed March 23, 2023, and Mr. Morgan's Third Motion for Preliminary Injunction [ECF 38], filed April 13, 2023.

## I.

Mr. Morgan's Second and Third Motions for Preliminary Injunction were previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&Rs on April 6, 2023, and October 26, 2023. Magistrate Judge Aboulhosn

recommended that the Court deny Mr. Morgan's Second and Third Motions for Preliminary Injunction. Objections to the PF&Rs were due April 24, 2023, and November 13, 2023, respectively. Mr. Morgan filed his Objections to the PF&R adjudicating his Second Motion for Preliminary Injunction [ECF 43], on April 24, 2023. No objections were filed to the PF&R adjudicating Mr. Morgan's Third Motion for Preliminary Injunction.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

### A. Objections to PF&R Adjudicating Second Motion for Preliminary Injunctions

Mr. Morgan's Second Motion for Preliminary Injunction is based on his status as being paralyzed and alleged inadequate medical care. In the PF&R Magistrate Judge Aboulhosn notes that Mr. Morgan failed to establish that he is likely to succeed on the merits and that he failed

to show that he is likely to suffer immediate irreparable injury. Magistrate Judge Aboulhosn reasoned that Mr. Morgan's mere speculation that accidents may reoccur and allegation that he is receiving inadequate medical care because FCI Beckley is not a Care Level 3 facility do not suffice to support the granting of a preliminary injunction. Additionally, Magistrate Judge Aboulhosn notes that the Court lacks the authority to grant the relief Mr. Morgan is seeking as it is within the BOP discretion to transfer inmates to a different prison facility. Therefore, Magistrate Judge Aboulhosn recommends that this Court deny Mr. Morgan's Second Motion for Preliminary Injunction.

Mr. Morgan objects to Magistrate Judge Aboulhosn's PF&R inasmuch as the "factual finding is with-out merit and unavailing." Specifically, Mr. Morgan asserts that his continued presence at FCI Beckley is a danger to his health and that he will suffer irreparable injury if he is not transferred. Mr. Morgan is paralyzed and has no feelings in his legs. In support of this contention, Mr. Morgan asks the Court to review his medical records. Upon review of his records, Mr. Morgan asserts that the Court will find that his wheelchair is falling into disrepair with flat tires and a missing cushion. As a result of pain he experiences, his neurologist recommended that he be fitted for a new wheelchair due to increase pain. Additionally, due to an increase in urine leakage, daily urinary tract infections, and intense pain Mr. Morgan asserts his urologist recommend that he be given extra supplies and that his current supplies are insufficient.

Mr. Morgan contends he is likely to succeed on the merits of his claim as the prison staff have acted deliberately indifferent toward his serious medical needs. In support of his objections, Mr. Morgan has attached eighteen pages of various emails he has sent to Health Services or the Warden in addition to an administrative remedy he filed while at FCI Beckley. No

3

medical records were provided for the Court to consider. Lastly, Mr. Morgan asserts the balance of equities "certainly tips" in his favor.

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter* 555 U.S. at 20. "And all four requirements must be satisfied." *The Real Truth About Obama, Inc. v. Federal Election Commission.,* 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089 (2010). Our Court of Appeals has "said that '[m]andatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards,* 635 F.2d 283, 286 (4th Cir.1980)).

Here, Mr. Morgan is requesting that the Court order his immediate removal from FCI Beckley to a Care Level 3 facility. At outset the Court notes "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). 18 U.S.C. § 3621(b) provides "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." When doing so, "[t]he BOP assigns medical care levels to inmates based on a variety of factors, with medical care level one corresponding to inmates with the least medical need and level four corresponding to inmates with the greatest medical need."

4

*Bulger v. Hurwitz*, 62 F.4th 127, 134 (4th Cir. 2023). Inmates are placed at institutions by the BOP that "commensurate with the level of medical care the inmate requires." *Id.*

Nevertheless, the Court shall consider Mr. Morgan's Motion for Preliminary Injunction. On July 28, 2023, Mr. Morgan filed his Amended Complaint pursuant only to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), claiming his Constitutional rights have been violated. As to the first prong of *Winter*, Mr. Morgan must show there is a likelihood that he will succeed on the merits of his claim. Mr. Morgan's motion for preliminary injunction does not address whether he will succeed on the merits of his claim and his subsequent objections do little more than repeat the standard articulated by Magistrate Judge Aboulhosn. In his objections, Mr. Morgan alleges that he will succeed because the staff acted deliberately indifferent to his serious medical needs. He claims to have a damaged wheelchair and limited access to medical supplies.

Currently pending before Magistrate Judge Aboulhosn is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 80], filed October 4, 2023, and the Memorandum of Law in Support of the Motion [ECF 83], filed October 5, 2023.  Attached to the Motion as Exhibit 2 is the Declaration of Defendant Melissa Fox completed after review of Mr. Morgan's medical records.[1] Ms. Fox is a Health Services Administrator at FCI Beckley. Ms. Fox asserts that following complaints of back pain due to his wheelchair, Mr. Morgan was offered and refused a new BOP issued wheelchair on March 25, 2020. Staff at FCI Beckley performed repairs on Mr. Morgan's wheelchair until November 2022 when Mr. Morgan agreed to the purchase of a custom-fitted wheelchair. Mr. Morgan received his custom-fitted wheelchair on

---

[1] Mr. Morgan's medical records were also attached to Defendants' Motion as Exhibit 2 Attachment A.

April 21, 2023.[2] Additionally, Ms. Fox states that Mr. Morgan's supply quantities for self-catheterization have varied throughout his incarceration due to Mr. Morgan's stockpiling of supplies. On August 30, 2022, a search of Mr. Morgan's cell led to the discovery of excessive supplies including: 26 chux pads, 19 catheters, 12 lube packs, 12 pairs of gloves and 27 adult diapers. Currently, Mr. Morgan receives a one-weeks' worth of supplies at a time. A stockpile of medication was also found in Mr. Morgan's cell.

The Court notes that Mr. Morgan has not responded to the statements contained in Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 80].[3] The statements of Ms. Fox are not construed by this Court to be true, but rather call into question the likelihood of Mr. Morgan's ability to succeed on his claim as required for a preliminary injunction under the first prong of *Winter*.

Second, Mr. Morgan must show he is likely to suffer irreparable harm in the absence of preliminary relief. Again, Mr. Morgan repeats the standard for injunctive relief and provides a generic allegation that due to his "ongoing and continuous problem of inadequate care" he will suffer irreparable harm. Mr. Morgan's allegations and emails do not provide the Court with enough evidence to conclude that he will suffer irreparable harm.

---

[2] Mr. Morgan's objections to the PF&R recommending this Court deny his Second Motion for Preliminary Injunction were dated April 14, 2023. The Third Motion for Preliminary Injunction was dated April 11, 2023.

[3] Previously, Magistrate Judge Aboulhosn granted in part and denied in part Mr. Morgan's Motion for Stay [ECF 93], filed December 15, 2023. Mr. Morgan asserted that he would be transferred to Fayette County, Kentucky on a writ and would not be permitted to take his legal work with him. To the extent Mr. Morgan requested an extension, Magistrate Judge Aboulhosn granted the Motion and permitted Mr. Morgan to respond on or before February 5, 2024. [ECF 95]. On January 4, 2024, Mr. Morgan requested an additional 60-day extension as he is awaiting transport back to FCI Beckley from Fayette County, Kentucky. [ECF 96]. By Order entered January 10, 2024, Magistrate Judge Aboulhosn granted in part and denied in part Mr. Morgan's Motion. Mr. Morgan shall file a Response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment by March 5, 2024. [ECF 97].

Third, Mr. Morgan asserts that the balance of equities "certainly tips" in his favor and are beyond the threshold. Mr. Morgan merely states the third prong of *Winter* and does not explain why the balance of equities are in his favor. Lastly, Mr. Morgan fails to establish that an injunction is in the best public interest. It is clear that Mr. Morgan's Second Motion for Preliminary Injunction and subsequent objections to Magistrate Judge Aboulhosn's PF&R do not satisfy any of the four *Winter* prongs and thus Mr. Morgan is not entitled to this extraordinary relief.

Accordingly, the Court **OVERRULES** Mr. Morgan's objections to the and PF&R, **ADOPTS** the PF&R [ECF 32] and **DENIES** Mr. Morgan's Second Motion for Preliminary Injunction.

## B. PF&R Filed October 26, 2023

Mr. Morgan did not object to Magistrate Judge Aboulhosn's PF&R recommending the District Court deny Mr. Morgan's Third Motion for Preliminary Injunction. [ECF 38]. Accordingly, the Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1).

Therefore, the Court **ADOPTS** the PF&R [ECF 85]and **DENIES** Mr. Morgan's Third Motion for Preliminary Injunction. [ECF 38].

### III.

For the foregoing reasons, the Court **ADOPTS** the PF&Rs [**ECF 32 and 85**], and **DENIES** Mr. Morgan's Second and Third Motions for Preliminary Injunction [ECF 21 and 38].

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:        January 11, 2024

Frank W. Volk
United States District Judge