UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAIRION E. MORGAN,

    Plaintiff,

v.   CIVIL ACTION NO. 5:23-cv-00101

WARDEN YOUNG,
WARDEN HECKARD,
WARDEN HOLZAPFEL,
DR. ROGER EDWARDS,
PA AMY GOODE,
FNP S. VEST,
CAPT. RODRIGUEZ,
HAS MELISSA FOX,
MEDICAL DIRECTOR DR. FAIN,
LT. JOHN DOE 1,
LT. JOHN DOE 2,
OFC. JOHN DOE 3,
OFC. JOHN DOE 4,
OFC. JOHN DOE 5, and
OFC. JOHN DOE 6,

    Defendants.

## ORDER

Pending is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 80], filed October 4, 2023. Also pending is Plaintiff Dairion E. Morgan's Motion for Extension of Time to File Objection to Proposed Findings and Recommendation [ECF 111], filed July 31, 2024. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on June 21, 2024. Magistrate Judge Aboulhosn recommended that the Court grant Defendants' Motion to

Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 80], dismiss without prejudice Plaintiff's Amended Complaint against the John Doe Defendants for lack of service, and remove this matter from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections in this case were due on July 8, 2024. No objections were filed prior to this deadline. On July 31, 2024, Mr. Morgan filed his Motion for Extension of Time to File Objection to PF&R. [ECF 111]. He asserts that as he is proceeding pro se he has to get copies of his documents and did not have access to stamps or envelops to file his objections. Mr. Morgan has a history of filing requests for extension in this matter. The present Motion is his sixth request for extension. [ECF 47, 71, 86, 93, 96]. Accordingly, the Court **DENIES** Mr. Morgan's Motion

for Extension [**ECF 111**]. If Mr. Morgan subsequently files objections to the PF&R, the Court will treat them in accord with *Federal Rule of Civil Procedure* 60.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 110**], **GRANTS** Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment [**ECF 80**], **DISMISSES WITHOUT PREJUDICE** Mr. Morgan's Amended Complaint against the John Doe Defendants for lack of service, **DENIES** Mr. Morgan's Motion for Extension of Time to File Objection to PF&R [**ECF 111**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: August 13, 2024



Frank W. Volk
United States District Judge